**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MARCELO PENADO, | No. 19-72825 |
| Petitioner, | Agency Nos. A094-450-410 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2026[**]
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges

Jose Marcelo Penado, native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and

Convention Against Torture ("CAT") relief.  Because the parties are familiar with

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the factual and procedural history of the case, we need not recount it here. We

deny the petition for review. We have jurisdiction under 8 U.S.C. § 1252. "Our

review is limited to those grounds explicitly relied upon by the BIA. Where the

BIA writes its own decision, as it did here, we review the BIA's decision, except to

the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d

1070, 1075-76 (9th Cir. 2020) (brackets and internal citations omitted). "We

review the agency's factual findings, including credibility determinations, for

substantial evidence." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022).

I

The agency did not err in determining that Penado was ineligble for asylum

because he failed to timely file his application within one year of arrival to the

United States or establish that the changed circumstances exception applied.

8 U.S.C. § 1158(a)(2)(B), (D). We have jurisdiction to review the BIA's

determination under § 1158(a)(2)(D) that "changed circumstances" do not excuse

untimely filing as a mixed question of law and fact, which we review for

substantial evidence. *See Ruiz v. Bondi*, 163 F.4th 586, 595, 599 (9th Cir. 2025).[1]

---

[1] Although *Ruiz*, 163 F.4th at 599, discussed jurisdiction as to whether the "extraordinary circumstances" exception to untimely filing applied, "changed circumstances" appears in the same statutory section and prior case law treats the two exceptions as "parallel issue[s]." *Husyev v. Mukasey*, 528 F.3d 1172, 1180 (9th Cir. 2008).

Most instances that Penado identifies as "changed circumstances" occurred between 2005 and 2015, so even if they constituted material changed circumstances, the BIA's conclusion that Penado's asylum application was not filed within a reasonable time of the changed circumstances is supported by substantial evidence. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1135 (9th Cir. 2013) (recognizing that a delay six months or longer after the changed circumstance is ordinarily unreasonable). The BIA's conclusion that the two instances in 2016, a threat relayed to Penado and his cousin's death, do not constitute changed circumstances because they did not "materially affect[] [his] eligibility for asylum" is supported by substantial evidence. 8 C.F.R. § 1208.4(a)(4)(i).

II

The agency did not err in determining that Penado was ineligible for withholding of removal because he failed to establish that it was "more likely than not" that he would be persecuted on account of a protected ground if he returned to El Salvador. *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.16(b)(2)). Because the threat Penado received was vague, the BIA did not err in concluding it does not establish that future persecution is more likely than not. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("[C]ases

3

with threats alone, particularly anonymous or vague ones, rarely constitute persecution.").

Moreover, Penado testified that the gang killings his family suffered were motivated by failure to pay bribes, so the BIA's conclusion that he is ineligible for withholding of removal because gang members are not motivated in part by his family membership is supported by substantial evidence. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

## III

The agency did not err in denying Penado's application for CAT relief. There is little evidence in the record to suggest that it is "more likely than not" that Penado would be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2). In addition, the country conditions report does not establish that any torture would be "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

IV

We need not reach the issue of whether the agency's negative credibility determination was supported by substantial evidence. The agency decided each claim on the merits, assuming credibility. Therefore, even if the negative credibility determination were not supported by substantial evidence, remand to the agency would not be necessary. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 n.11 (9th Cir. 2006).

**PETITION DENIED.**[2]

---

[2] Penado filed a motion to stay removal (Dkt. No. 1-4). The Respondent filed a notice of non-opposition to the motion for stay (Dkt 5). The Court then granted the motion pursuant to General Order 6.4(c) (Dkt 9). Given the disposition of this petition for review, the temporary stay of removal entered pursuant to General Order 6.4 (c) is lifted (Dkt. 9), effective immediately.